## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPHINE E. FUOCO, individually and As Executrix of the Estate of Joseph R. Fuoco, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 13-7054 |
| v. | : | |
| 3M COMPANY, et al., | : | OPINION |
| Defendants. | : | |

This matter is before the Court on motion of Defendant Warren Pumps, LLC for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has opposed the motion. For the reasons set forth here, the motion [82] will be granted.

## **Background**

Plaintiff Josephine E. Fuoco, Individually and as Executrix of the Estate of Joseph R. Fuoco, alleges that Mr. Fuoco contracted mesothelioma while serving in the United States Navy and as a construction worker. Plaintiff has sued a number of entities alleging various theories of liability. Relevant here, it appears that Plaintiff alleges Defendant Warren Pumps, LLC, individually and as successor to Warren Steam Pump Company, is liable for failing to warn Fuoco of the dangers associated with the asbestos-containing replacement gaskets and packing materials used on circular pumps to which he was exposed. Am. Compl., p. 24.

Fuoco served in the United States Navy from August 31, 1942 through December 15, 1945 aboard the U.S.S. Ammen. See Johnson Cert., Ex. A, Plaintiff's Answers to Interrogs. During his career in the Navy, Fuoco worked as a machinist mate and alleges

that, in that capacity, he was exposed to asbestos pipe covering, insulation, and other materials, id., which caused him to develop "permanent, disabling and fatal injuries," Am. Compl., p. 8.

## **Summary Judgment Standard**

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (c). Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits

or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Andersen, 477 U.S. at 256-57.  Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the finder of fact.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## Analysis

Warren Pumps argues it is entitled to summary judgment because there is no evidence in the record to suggest that Fuoco ever worked on or around a Warren pump, therefore Warren Pumps cannot be liable.  The Defendant does not dispute that its circulating pumps were used on the USS Ammen or that asbestos-containing components were used on Warren circulating pumps during the relevant time period.  However, as Fuoco was not deposed in connection with this matter, and no fact witness has offered testimony with regard to his alleged asbestos exposure aboard the USS

Ammen, there is no record evidence Fuoco was exposed to asbestos associated with any Warren pump on board the USS Ammen.

In opposition, Plaintiff states that on or about June 30, 2014, she was in receipt of documents which indicated that Warren Pumps were used on board the USS Ammen in connection with Westinghouse turbines. Accordingly, and with leave of Court, Plaintiff amended the Complaint to add Warren Pumps as a Defendant on or about August 21, 2014. Since that time, however, Plaintiff argues that Warren Pumps has failed to provide Plaintiff with evidence from prior litigation which would tend to show the presence of asbestos containing material used in association with Warren Pumps aboard the USS Ammen. Specifically, Plaintiff references the 2007 deposition testimony of a Warren Pumps corporate representative in another case which revealed that the company's pumps at times may have contained asbestos-containing components, and that asbestos-containing gaskets and packing were used on circulating pumps on board the USS Willis A. Lee. Plaintiff also references a 1958 technical manual prepared by Warren Pumps which calls for the use of asbestos packing and gaskets for circulating pumps. Pl. Br., Ex. F. Plaintiff argues that "taken as a whole," this is sufficient for the Court to infer that asbestos components were used on Warren circulating pumps "during the relevant time periods." Pl. Br., p. 4. Next, Plaintiff argues that Fuoco was exposed to asbestos-containing components on Warren pumps on the USS Ammen because a December 2014 expert report prepared by R. Bruce Woodruff, Captain, U.S. Navy (Ret.), details overhaul and maintenance procedures that should have taken place over a five-month period when Fuoco served on the USS Ammen and he describes

4

Fuoco's job duties as likely constituting work on equipment, including pumps, while on the vessel.

There is no dispute that maritime law governs the claims at bar. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455, 462-63 (E.D. Pa. 2011).[1] To prove causation in an asbestos case under maritime law, a plaintiff must show, for each defendant, that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005) (citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir. 2001)). "[M]inimal exposure" to a defendant's product is insufficient to establish causation. Lindstrom, 424 F.3d at 492. "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Id. See also Kurak v. A.P. Green Refractories Co., 689 A.2d 757, 761 (N.J. Super. Ct. App. Div. 1997).

Courts in this Circuit also have held that a plaintiff must show that (3) the defendant manufactured or distributed the asbestos-containing product to which

---

[1] Under maritime law, the Court considers the "prevailing view" on land and draws from the law of the state in which it sits. See, e.g., Pan–Alaska Fisheries, Inc. v. Marine Constr. & Design Co., 565 F.2d 1129, 1134 (9th Cir. 1977). Under New Jersey law, "to prevail against a particular defendant in an asbestos case, a plaintiff must establish, in addition to other elements of a product liability action, exposure to friable asbestos manufactured or distributed by the defendant." Sholtis v. Am. Cyanamid Co., 568 A.2d 1196, 1208 (N.J. Super. Ct. App. Div. 1989); see also Goss v. Am. Cyanamid, Co., 650 A.2d 1001, 1005 (N.J. Super. Ct. App. Div. 1994) (noting that in asbestos exposure tort claim, plaintiff must demonstrate exposure to a defendant's asbestos containing product). In an asbestos failure to warn claim, liability may attach only where a plaintiff identifies an asbestos-containing product manufactured or supplied by defendant. Hughes v. A.W. Chesterton Co., 89 A.3d 179, 190 (N.J. Super. Ct. App. Div. 2014). Courts in this district have followed suit. See Barnes v. Foster Wheeler Corp., Civ. Action. No. 13–1285, 2014 WL 2965699, at *3 (D.N.J. June 30, 2014) (collecting and discussing cases); Thomasson v. Air & Liquid Systems Corp., Civ. No. 13-1034, 2015 WL 1639730 (D.N.J. April 9, 2015).

exposure is alleged.  Conner, 842 F.Supp.2d at 801; see also Barnes v. Foster Wheeler Corp., 2014 WL 2965699; Dalton v. 3M Co., 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013) (citing cases); Hays v. A.W. Chesterton, Inc., No. 2:09-93728, 2012 WL 3096621 (E.D. Pa. May 1, 2012) (citing Abbay v. Armstrong Int'l., Inc., No. 10–83248, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012) (Robreno, J.)).

In this case, no reasonable jury could conclude that Fuoco was exposed to asbestos from a product manufactured and/or supplied by Warren Pumps such that it was a substantial factor in causing his illness.  Indeed, Plaintiff has failed to identify an asbestos-containing product manufactured or supplied by Warren Pumps that was aboard the USS Ammen during the time Fuoco served.  Even if she had done so, the next hurdle to maintaining a claim – showing that Fuoco's exposure to such product was a substantial factor in causing his illness – is insurmountable based on the record before this Court.  As such, the Court need not consider the frequency and regularity of Fuoco's alleged exposure.  The Court cannot deny summary judgment by speculating that Fuoco worked on or around a Warren pump or was otherwise exposed to asbestos from a Warren pump.  See Wilkerson v. Armstrong World Indus., Inc., Civ. 89-2494, 1990 WL 138586, at *2 (D.N.J. Sept. 19, 1990).

An accompanying Order will issue.


Dated: September 29, 2015

                                          /s/ Joseph H. Rodriguez
                                         Hon. Joseph H. Rodriguez
                                         UNITED STATES DISTRICT JUDGE